Date signed April 25, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                     :
                                           :
DEVORA R. GORDY            :         Case No. 07-22900PM
                                           :         Chapter 13
           Debtor                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

Debtor filed an Amended Objection to the proof of claim No. 1 filed by an entity describing itself as First Franklin, c/o Home Loan Services, Inc. ("First Franklin"), as a secured claim in the sum of $75,801.78. First Franklin also is the holder of a senior lien on Debtor's residence. Debtor filed a Motion on Febroary 19, 2008, to avoid this junior lien pursuant to the authority of *Johnson v. Asset Management Group, LLC*, 226 B.R. 364 (D. Md. 1998). That case points out that a debtor may strip off a junior consensual lien that is wholly unsecured in terms of § 506(a) of the Bankruptcy Code and secured only by a security interest in real property that is the debtor's principal residence. First Franklin originally filed an opposition to the Motion to avoid lien that was later withdrawn. Consequently, the court entered an Order on April 18, 2008, in the form proposed by Debtor's counsel, granting the Motion to avoid the second mortgage lien and providing that at such time that a discharge order is entered that the second lien held in favor of First Franklin shall be void, and further holding that the claim of First Franklin shall be treated as a general unsecured claim under Debtor's Plan.

The enigma presented by this Objection is caused by the fact that the Debtor received in a prior Chapter 7 case, No. 07-13635, within the four-year period preceding the date of the filing of this case under Chapter 13. Therefore, by virtue of § 1328(f)(1) of the Bankruptcy Code, the

Debtor may not receive a discharge upon the completion of her Chapter 13 Plan. As pointed out in the case of *In Re Bateman*, 515 F.3d 272 (CA4 2008), the provision § 1328 of the Bankruptcy Code that prevents debtors from obtaining a discharge does not bar them from filing a successive bankruptcy case.

      Debtor is bound by the terms of the Order previously entered in this case. The lien stands. As far as the court can see, this contested matter only becomes significant should the Debtor seek to refinance the property while this case is pending. The court assumes that upon consummation of any confirmed plan that the parties will be able to reach an accommodation as suggested by First Franklin in its response.

      An appropriate order will be entered.

cc:
Andrew g. Wilson, II, 275 West Street, Suite 216, Annapolis, MD 21401
Devora R. Gordy, 3707 Edmond Way, Bowie, MD 20716
Ibironke Sobande, Esq., 9440 Pennsylvania Avenue, #350, Upper Marlboro, MD 20772
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**