Date signed April 30, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DEVORA R. GORDY | : | Case No. 07-22900PM |
| | : | Chapter 13 |
| Debtor | : | |

## MEMORANDUM OF DECISION

Debtor seeks reconsideration of the Order of this court entered April 28, 2008, overruling her objection to the proof of claim filed by First Franklin, c/o Home Loan Services, Inc. ("Franklin"), as well as amendment of the Order of this court granting Debtor's motion to avoid the second mortgage on Debtor's residence entered April 18, 2008. For the reasons set forth, both motions will be denied.

Debtor received a discharge in Case No. 07-13635 on July 25, 2007, a prior case filed under Chapter 7.[1] By virtue of that discharge, Debtor was released from personal liability on the Franklin obligations. But, it is settled law that creditors may enforce a valid lien after the underlying debt has been discharged. *Lindsey v. Fed. Land Bank of St. Louis*, 823 F.2d 189, 191 (CA7 1987); *Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (CA10 1986). The lien survives

---

[1] It is interesting to note that in the earlier case Debtor valued her home at $349,708.00, the same valuation as in this case. She scheduled the combined claims of Franklin in the sum of $349,852.00. In the instant case, she scheduled the combined claims in the sum of $349,551.00 and scheduled the same value of her home. It was only with the motion to avoid the second lien of Franklin that she filed an appraisal for the property that stated a valuation of $295,000.00. She never amended her Schedules to reflect the lower valuation.

the bankruptcy proceeding and discharge. To use the vernacular, liens ride through unscathed until they are avoided. "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim–namely an action against the debtor in *personam*–while leaving intact another–namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

In sum, what Franklin retains of its secondary position is its *in rem* claim. Franklin is not entitled to any distribution on account of the junior lien under a Chapter 13 Plan, unless Debtor chooses to provide for it. Debtor received precisely what she asked for, avoidance of the junior lien upon consummation of a confirmed Chapter 13 plan.

An appropriate order will be entered.

cc:
Andrew g. Wilson, II, 275 West Street, Suite 216, Annapolis, MD 21401
Devora R. Gordy, 3707 Edmond Way, Bowie, MD 20716
Ibironke Sobande, Esq., 9440 Pennsylvania Avenue, #350, Upper Marlboro, MD 20772
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**