Date signed September 08, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                        :
                                              :
DEVORA R. GORDY                               :        Case No. 07-22900PM
                                              :              Chapter 13
                Debtor                        :
- - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

      This case comes before the court on the Debtor's Motion for an order concluding the case and for an order confirming that the second lien held by First Franklin, c/o Home Loan Services, Inc. ("First Franklin") is extinguished. The Motion is opposed by the Chapter 13 Trustee who urges that Debtor be compelled to make all payments provided for under the Sixth Amended Chapter 13 Plan that was confirmed by Order of court entered June 6, 2008. Debtor's Motion is not opposed by First Franklin. The facts presented by this matter are unique and the concatenation of factors presented is unlikely to occur again.

      Sean C. Gordy and Devora R. Gordy filed a bankruptcy case under Chapter 7 on April 20, 2007. They received a discharge on July 25, 2007, effectively discharging unsecured debt aggregating $87,340.20 as well as their personal obligations on secured debt, leaving those creditors limited to in rem relief. Specifically, their personal obligation on two claims held by First Franklin that were secured by liens on their residence was discharged. However, that discharge did not affect the status of the underlying liens on Debtors' property. To use the vernacular, those liens rode through. *See In re Hamlett*, 322 F.3d 342, 347-48 (CA4 2003).

Devora R. Gordy subsequently filed this case under Chapter 13 on December 19, 2007, and her confirmed Plan was of a step nature, providing for the payment of $450.00 per month for four months, $700.00 per month for four months, $950.00 per month for four months, and $1,450.00 per month until all secured and priority obligations were paid.

Because of Debtor's recent Chapter 7 discharge, no unsecured, non-priority claims were filed. First Franklin filed two claims secured by liens in the sum of $75,801.78 and $299,677.99, showing arrears of $4,789.86 and $18,604.09, respectively. Debtor's counsel filed an administrative claim for $2,000.00, being the balance of his agreed fee.

On February 19, 2008, shortly after the filing of the case, Debtor filed a motion pursuant to the authority of *Johnson v. Asset Mgmt. Group, LLC*, 226 B.R. 364 (D. Md.1998) to avoid the junior lien held by First Franklin on the ground that it was wholly unsecured. That motion was unopposed, and an order was entered April 18, 2008, granting the relief sought. At that point the issue *vel non* of Debtor's good faith in filing this case under Chapter 13 shortly after the issuance of the Chapter 7 discharge might have been raised prior to plan confirmation by either the Trustee or First Franklin. In the case of *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), the Court held that, given a finding of bad faith, the debtor does not have the absolute right to convert from a case under chapter 7 to a case under chapter 13 under Section 706(a) of the Bankruptcy Code; likewise the confirmation of debtor's chapter 13 plan that dealt with a single creditor could have been torpedoed had the court been presented with the argument that the plan was not proposed in good faith. But, the Trustee and First Franklin elected not to raise this argument and an order confirming Debtor's Sixth Amended Plan was entered on June 6, 2008. In passing, the Court noted the testimony of the debtor in the course of the hearing and found her to be honest and straightforward in all respects without any evidence of bad faith, were that factor meaningful at this stage of the proceedings.

Shortly before confirmation of Debtor's Plan, First Franklin filed a Motion for Relief from Stay on May 8, 2008, alleging that Debtor was in arrears in her payments to the secured creditor. That Motion was originally set for hearing set for June 2, 2008, thereafter continued to June 23, 2008, and subsequently withdrawn by First Franklin. A second Motion for Relief from Stay was filed on January 9, 2009, by LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, and was later withdrawn on March 10, 2009, following the entry of an Order Authorizing a Loan Modification on Debtor's Motion (D.E. #86) to modify the existing loan. That Order provided, among other things, for a reduction in interest rate for a

period of three years and a treatment of the loan as current post-filing.

In summary, while not expressly stating so, it appears that First Franklin has no interest in the second lien, because it is working with Debtor to maintain the senior lien in good standing. Nevertheless, the Chapter 13 Trustee asserts that it is appropriate here to compel payment of a portion, if not all, money represented by a lien for which the Debtor has no personal liability. There is no dispute as to whether the lien existed at the time of the filing of the case, *See Johnson v. Home State Bank*, 501 U.S. 78, 84-85 (1991). The Trustee argues that underlying principles of fairness and equity to all parties require debtor's attempt to pay some reasonable portion of otherwise discharged debts. But, noting that the creditor sought to be protected by the Trustee sees matters differently from the Trustee, the court finds in the unique circumstances presented here that there is no merit to this argument.

The Trustee quotes from *In re Cushman*, 217 B.R. 470, 474-75, 477-88 (B.C. E.D. Va. 1989), where the court declined to confirm a Chapter 20 debtor's plan, stating that what is "[m]ost troubling to the court, however, is that the debtor is attempting to accomplish through a Chapter 20 what simply is not permitted in either chapter standing alone."[1] That reasoning is beside the point as this plan was confirmed, and that finding is determinative. The issue presented in Chapter 20 cases is whether a short interval between conclusion of a Chapter 7 case and the filing of a Chapter 13 petition alone indicates lack of good faith on the part of the Debtor. *See generally, In re Bridges*, 326 B.R. 345 (B.C. S.C. 2005), where the court denied the trustee's motion to dismiss a Chapter 13 case that had been filed less than 30 days after the closing of a Chapter 7 case as filed in bad faith. The court recited a multi-part test to determine whether the second filing was in bad faith. However, that test has no applicability in this case at this stage of the proceedings.

Finally, the Trustee argues that this Plan was not completed in that it was foreshortened by the arrangements made by First Franklin and that all plan payments were not made. The Trustee urges that Plan completion seems to be logical benchmark for the fixing of lien avoidances. The court sees no merit to the Trustee's position. The purpose of the Plan was to pay one creditor. That creditor appears satisfied with the result obtained through the

---

[1] The so-called Chapter 20 involves a Chapter 7 case followed by a Chapter 13 case. The Supreme Court held that "Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief." *Johnson v. Home State Bank*, 501 U.S. at 87.

modification of its loan. Indeed, some of the funds paid by the Debtor were refunded to her.

One item remains for the court to address. On April 18, 2008, the court entered an Order Granting Motion to Avoid Second Mortgage Lien on Debtor's Principal Residence (D.E. #33). The Order provided, in error, that at such time as a discharge order is entered, the second lien would be avoided. It was erroneous in that no discharge could have been entered in this case, because Debtor had recently received a discharge under Chapter 7. Section 1328(f)(1) of the Bankruptcy Code bars Debtor from receiving a discharge upon her completion of the Chapter 13 Plan. Debtor raised this issue earlier in Docket Entry #46, Motion to Alter or Amend Order on Motion to Avoid Second Mortgage Lien and Memorandum. The court noted at the end of its ruling denying the Motion to Amend, "Debtor received precisely what she asked for, avoidance of the junior lien upon consummation of a confirmed Chapter 13 plan."

In any event, the Judges of the court are now alerted that this provision contained in Local Bankruptcy Form H should be modified in those cases where the debtor is ineligible to receive a discharge. This provision in the court's form order was created so as to delay the avoidance of a wholly unsecured lien until completion of debtor's obligations under a Chapter 13 plan because were it otherwise, the lien might be avoided without completion of Debtor's obligations, and Debtor could then exercise her absolute right to dismiss the case -- a very inappropriate result.

An appropriate order will be entered.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Devora R. Gordy, 3707 Edmond Way, Bowie, MD 20716
Andrew G. Wilson II, Esq., 275 West Street, Suite 216, Annapolis, MD 21401
Ibironke Sobande, Esq., 9440 Pennsylvania Avenue, #350, Upper Marlboro, MD 20772
Corporation Trust Incorporated, RA for Home Loan Services, Inc.,
      Owner of First Franklin, 300 E. Lombard Street, Baltimore, MD 21202
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**

ADD ABOVE....